# NO. 12-23-00134-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOHN ELTON CREEL, JR.,* *APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

John Elton Creel, Jr. appeals his conviction for occlusion assault. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by indictment with occlusion assault.[1] He pleaded "not guilty," and the matter proceeded to a jury trial.

At trial, Laura Creel testified that she and Appellant were married but separated and not getting along well at the time of the offense. Appellant told Laura to bring one of the couple's two pickup trucks to his house. She did so, even though she needed the truck for work, but she kept the keys and walked back down the driveway. Appellant entered the driveway in the other truck, exited the truck, and asked for the keys. Laura refused, and the two scuffled. Appellant grabbed Laura's neck, pushed her partially into the truck, and began hitting her while choking

---

[1] A third-degree felony, punishable by imprisonment for a term of not more than ten years or less than two years and a possible fine not to exceed $10,000.00. *See* TEX. PENAL CODE ANN. §§ 12.34 (West 2019), 22.01(b)(2)(B) (West Supp. 2023).

her. She was unable to yell and could breathe only slightly. Laura struggled to free herself and ran toward Appellant's brother's house. Appellant retrieved a firearm and began shooting at her. He followed Laura to his brother's house and told him that he was going to kill her. Laura escaped through the back door and hid in a meadow until the police arrived. She had a large knot on her head, bruising on her forehead, red marks on her neck that later became bruises, and a sore neck for several days.

Other evidence corroborated Laura's story. Appellant's nephew testified that he heard yelling and informed his father. They saw Appellant chasing Laura toward their house while she screamed for help. Laura ran inside the house, and Appellant pointed the gun at his nephew and brother, threatening to kill them if they did not "give [him] the bitch." Police photographs show blood on Laura's nose, bruising on her forehead, and red marks on her neck.

Appellant testified that he and Laura argued because she trespassed on his property. He denied hitting, choking, or shooting at her. Appellant suggested that the knot and bruising on Laura's head and her bloody nose were caused by a tumor.

Ultimately, the jury found Appellant "guilty" and assessed his punishment at imprisonment for a term of eight years and a probated fine of $10,000, and recommended that he be placed on community supervision. The trial court followed the jury's recommendation and placed Appellant on community supervision for a term of ten years. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel relates that he reviewed the record, found no reversible points of error to support an appeal, and determined the appeal is frivolous. In compliance with *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief contains a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[2]

---

[2] In compliance with *Kelly v. State*, Appellant's counsel attempted to provide Appellant with a copy of the brief, notify him of his motion to withdraw, inform him of his right to file a pro se response, and facilitate his review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). However, counsel's correspondence was returned with no forwarding address, and counsel informed this Court that he has no alternative address for Appellant. This Court's correspondence likewise was returned. The time for filing a pro se brief has expired, and none was filed.

We conducted an independent review of the record in this case and found no reversible error. *See id.* We conclude that the appeal is wholly frivolous. *See id.*

## CONCLUSION

As required by ***Anders*** and ***Stafford v. State***, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, we ***grant*** counsel's motion for leave to withdraw and ***affirm*** the trial court's judgment.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date that the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered January 31, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 31, 2024**

**NO. 12-23-00134-CR**

**JOHN ELTON CREEL, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 3rd District Court
of Anderson County, Texas (Tr.Ct.No. 3CR-21-35427)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*